IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM W. WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 15-019-SLR ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

William W. White, Wilmington, Delaware. Pro Se Plaintiff.

Charles M. Oberly, III, Esquire, United States Attorney for the District of Delaware and Heather Benderson, Esquire, Special Assistant United States Attorney of the Social Security Administration, Philadelphia, Pennsylvania. Counsel for Defendant. Of Counsel: Nora Koch, Esquire, Acting Regional Chief Counsel, Region III, of the Social Security Administration, Philadelphia, Pennsylvania.

**MEMORANDUM OPINION**

Dated: December 11, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff William W. White ("plaintiff"), who proceeds pro se and has been granted leave to proceed in forma pauperis, seeks judicial review of a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). Presently before the court is a motion to dismiss filed by defendant Carolyn Colvin ("defendant"), Acting Commissioner of Social Security. (D.I. 9) Plaintiff filed a request for entry of default[1] and stands on the request in opposition to the motion to dismiss. (D.I. 8, 10).

## II. BACKGROUND

On January 6, 2015, plaintiff filed this action seeking review of an adverse decision by defendant pursuant to 42 U.S.C. § 405(g).[2] (D.I. 2) Plaintiff filed applications for Social Security disability benefits ("DIB") and supplemental security income ("SSI") on August 22, 2011. (D.I. 9 Hartt decl., ex. 1) The applications were denied initially and upon reconsideration. (*Id.*) On March 14, 2012, plaintiff filed a request for a hearing, the hearing was held on September 4, 2013 and, on September 10, 2013, the Administrative Law Judge issued a decision denying plaintiff's applications for DIB and SSI. (*Id.*) Plaintiff sought a request for review of the September 10, 2013 decision. (Id. at ex. 2)

The Appeals Council notified plaintiff of the denial of his request for review by a letter dated and mailed October 29, 2014. (*Id.* at Hartt Decl. ex. 2) The denial letter

---

[1]As will be discussed, the complaint was not timely filed and, therefore, the court will deny the request for entry of default.

[2]The complaint is dated January 5, 2015, but was not received in the Clerk's Office and filed until January 6, 2015.

was mailed to plaintiff at 1121 West 7th Street, Wilmington, Delaware 19805, and it advised plaintiff of his right to file a civil action within 60 days from the date of receipt of the notice. (*Id.*) The denial letter further advised plaintiff that, "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.* at ex. 2) Defendant moves for dismissal on the grounds that the instant complaint was not filed within the 60-day time-frame.[3]

## III. STANDARD OF REVIEW

A statute of limitations defense may be raised in a Rule 12(b)(6) motion, "[when] 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of*

---

[3]Defendant does not indicate under which rule of Federal Civil Procedure she proceeds for dismissal. The court presumes defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See Raffinee v. Commissioner of Soc. Sec.*, 367 F. App'x 379, 380 (3d Cir. 2010) (unpublished) (affirming dismissal of social security appeal as time-barred pursuant to Rule 12(b)(6)).

2

Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004). In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment.").[4]

## IV. DISCUSSION

Section 405(g) provides that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This provision constitutes a statute of limitations. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986). When Congress attaches conditions to legislation waiving the sovereign immunity of the United States (as in Social Security review cases), those conditions must be strictly observed, and exceptions thereto are not to be lightly implied. *See Block v. North Dakota*, 461 U.S. 273, 287 (1983).

---

[4]The court does not consider the declaration of Kathie Hartt, but does consider the following exhibits attached to it: September 10, 2013 notice of decision unfavorable; September 10, 2013 decision; and October 29, 2014 notice of Appeals Council action.

3

The limitation period prescribed by § 405(g), however, is subject to equitable tolling. "[A]pplication of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Bowen*, 476 U.S. at 480. Equitable tolling is "to be applied sparingly," *Kramer v. Commissioner of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (unpublished), and "may be appropriate only: ""(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Cardyn v. Commissioner of Soc. Sec.*, 66 F. App'x 394, 397 (3d Cir. 2003) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir .1994). A "plaintiff bears the burden of establishing that equitable tolling applies. *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997).

The notice of Appeals Council action was mailed to plaintiff on October 29, 2014. Applying the five-day presumption, plaintiff was presumed to have received the letter on November 3, 2014, five days after October 29, 2014. Plaintiff then had 60 days to file the instant action, up to and including January 2, 2015. *See* Fed. R. Civ. P. 6(a)(1) (in computing time for filing, when the period is stated in days or a longer unit of time exclude the day of the event that triggers the period, count every day, including intermediate Saturdays, Sundays, and legal holidays, and include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

4

Because the Clerk's Office was closed on January 2, 2015 due to the New Year's holiday, plaintiff had until the end of Monday, January 5, 2015 to file this action.[5] *See* Fed. R. Civ. P. 6(a)(1); *see also* Fed. R. Civ. P. 6(a)(3) (unless the court orders otherwise, if the clerk's office is inaccessible on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday). Plaintiff, however, did not file this action on Monday, January 5, 2015, the first accessible for filing, but waited until Tuesday, January 6, 2015, one day after the expiration of the limitations period, to commence this action.

The action is time-barred. In addition, plaintiff failed to present any facts to justify equitable tolling of the limitations period or provide a reason for the late filing. *See e.g.*, *Cardyn v. Commissioner of Soc. Sec.*, 66 F. App'x 394, 397 (3d Cir. 2003). Instead, plaintiff seeks entry of default. Plaintiff bears the burden of establishing that equitable tolling applies and has failed to meet his burden. The complaint was not timely filed. Therefore, the court will grant the motion to dismiss.

## V. CONCLUSION

For the reasons discussed above, the court will deny plaintiff's request for entry of default (D.I. 8) and will grant defendant's motion to dismiss. (D.I. 9) An appropriate order will be entered.

---

[5]*See* http://www.ded.uscourts.gov/court-info/court-holidays (Dec. 3, 2015) (indicating Friday, January 2 day after New Year's Day as a 2015 court holiday).

5